# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY DAVIS,<br>CDCR #J-76575,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TRUST COMPANY OF THE WEST,<br><br>　　　　　　　　　　Defendants. | Civil No.　08-1953 LAB (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S OCTOBER 28, 2008 ORDER PURSUANT TO FED.R.CIV.P. 60(b)**<br><br>**[Doc. No. 6]** |

## I.　PROCEDURAL HISTORY

Plaintiff, an inmate currently incarcerated at the California Correctional Institution located in Tehachapi, California, and proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 on October 20, 2008, along with a Motion to Proceed *in forma pauperis* ("IFP").

On October 28, 2008, this Court dismissed Plaintiff's civil action as frivolous because it was duplicative of *Davis v. Trust Company of the West, et al.*, S.D. Cal. Civil Case No. 06-0793 W (WMc). *See* Oct. 28, 2008 Order at 2. The Court also denied Plaintiff's Motion to Proceed IFP as moot. *Id.* at 3.

1  Plaintiff has now filed a "Motion for Relief from Judgment Under Federal Rules of Civil
2  Procedure, Rule 60(b) [Doc. No. 6].

3  **II.  PLAINTIFF'S MOTION FOR RELIEF FROM THE COURT'S JUDGMENT**

4  Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be
5  filed within a "reasonable time," but usually must be filed "no more than a year after the entry
6  of the judgment or order or the date of the proceeding."  FED.R.CIV.P. 60(c).  Reconsideration
7  under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable
8  neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the
9  judgment has been satisfied; or (6) for any other reason justifying relief.  FED.R.CIV. P. 60(b).

10  Here, Plaintiff is seeking to sue the Bank whom he alleges wrongfully sold his mother's
11  home without notifying him after she passed away in 2005.  Plaintiff filed an action against
12  Defendant Bank of the West in 2006 which can be found in *Davis v. Trust Company of the West,*
13  *et al.*, S.D. Cal. Civil Case No. 06-0793 W (WMc).  In the 2006 action, Plaintiff was granted
14  leave to amend on two occasions but ultimately failed to file a Second Amended Complaint.
15  Thus, his action was dismissed by the Court in 2006.  Three years later Plaintiff attempted to file
16  this same action which this Court dismissed as duplicative of the 2006 action.  Plaintiff claims
17  that he did not know how to file this previous action due to his "physical and mental limitations,
18  mental anguish and distress."  *See* Pl.'s Mot. at 2.  Even if the Court were to accept Plaintiff's
19  action, filed three years later, he failed to heed any of the instructions that the Court issued to
20  him in 2006.  Specifically, Plaintiff continues to seek damages against a private entity for
21  violation of his Eighth Amendment rights pursuant to § 1983.  As Plaintiff has been informed
22  on numerous occasions, Plaintiff has not alleged any action on the part of the Bank that sold his
23  mother's home which was taken "under color of state law."  *See* 42 U.S.C. § 1983.  Private
24  parties do not generally act under color of state law; thus, "purely private conduct, no matter how
25  wrongful, is not within the protective orbit of section 1983."  *Ouzts v. Maryland Nat'l Ins. Co.*,
26  505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.
27  1991).
28  / / /

Plaintiff does not offer any facts as to why he waited three years to re-file an action he previously litigated nor does he offer any rationale for waiting more than a year to challenge this Court's dismissal.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from the Court's October 28, 2008 Order [Doc. No. 6] pursuant to FED.R.CIV.P. 60(b) is **DENIED**.

DATED: November 16, 2009

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge